J-S57004-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMESON CONAN BURN | : | |
| | : | |
| Appellant | : | No. 782 EDA 2018 |

Appeal from the Judgment of Sentence October 12, 2017
In the Court of Common Pleas of Chester County
Criminal Division at No(s):  CP-15-CR-0004704-2016

BEFORE:   PANELLA, J., PLATT*, J., and STRASSBURGER*, J.

MEMORANDUM BY PANELLA, J.          **FILED DECEMBER 07, 2018**

Appellant, Jameson Conan Burn, challenges the judgment of sentence entered in the Chester County Court of Common Pleas, following his convictions for endangering the welfare of a child, possession with intent to deliver, and related crimes. We affirm.

The relevant facts and procedural history of this case are as follows. After leaving a drug rehabilitation program, Appellant moved in with his paramour, Jessica Riffey. Appellant and Ms. Riffey were ardent heroin users, and regularly took drugs from June to September of 2015, ranging from "a bag to three, four bags a day" when they had the funds to support their habit. N.T. Trial, 9/12/17, at 173. Ms. Riffey's three children lived with the couple. Her daughter, M.R., was fourteen at the time. M.R.'s sixteen-year-old

_____

* Retired Senior Judge assigned to the Superior Court.

boyfriend, C.M., also lived in the home. M.R. and C.M. were permitted to sleep together in M.R.'s room. None of the children attended school.

Amidst the general chaos of the household, Appellant decided to encourage C.M. to try heroin. He called C.M. into the bedroom Appellant shared with Ms. Riffey, and instructed him to snort a line of heroin. Ms. Riffey was present during this encounter. Days later, Appellant would again direct C.M. to snort heroin, this time in the presence of M.R. and Ms. Riffey.

Appellant wanted M.R. to participate as well, so Ms. Riffey injected M.R. with heroin. Appellant then injected C.M. with heroin. The children were injected one additional time after this incident, though M.R. had only hazy recollections of the second occasion.

Appellant and Ms. Riffey broke up in September 2015. Shortly afterward, Ms. Riffey confessed to a friend that she had injected the children with heroin. The friend informed Ms. Riffey's mother, who called police. Appellant absconded to avoid arrest, but eventually turned himself in. Ms. Riffey pled guilty to various crimes, and later testified at Appellant's trial. M.R. and C.M. also testified. The jury convicted Appellant of possession of a controlled substance with intent to deliver (three counts); conspiracy (three counts); recklessly endangering another person (two counts); corruption of minors (two counts); and endangering the welfare of children (one count).[1] The court ordered a pre-sentence investigation report, and ultimately

---

[1] 35 P.S. § 780-113(a)(30); 18 Pa.C.S.A. §§ 903; 2705; 6301(a)(1)(i); and 4304(a)(1), respectively.

sentenced Appellant to seven to fourteen years' incarceration. Appellant filed a motion for reconsideration of his sentence, which the court denied. Appellant then filed a timely notice of appeal, and this case is now before us.

Appellant's sole challenge on appeal contests the sufficiency of the evidence supporting his convictions for possession with intent to deliver, conspiracy, and endangering the welfare of a child. We find Appellant has waived this issue.

"[W]here an appellant wishes to preserve a claim that the evidence was insufficient, his Rule 1925(b) statement must specify the element or elements upon which the evidence was insufficient so this Court can then analyze the element or elements on appeal." *Commonwealth v. Roche*, 153 A.3d 1063, 1072 (Pa. Super. 2017). If a Rule 1925(b) statement does not specify the unproven element, the sufficiency issue is waived on appeal. *See Commonwealth v. Tyack*, 128 A.3d 254, 260 (Pa. Super. 2015).

Here, Appellant's Rule 1925(b) statement declares: "The evidence presented at trial was insufficient to prove the charges of possession of a controlled substance with intent to deliver, conspiracy to commit possession of a controlled substance with intent to deliver, and endangering the welfare of a child." Appellant's Rule 1925(b) statement, filed 4/23/18, at 1 (unnecessary capitalization omitted). Appellant wholly failed to specify any element of these crimes upon which the evidence presented at trial was insufficient to convict him.

The Commonwealth has objected to this omission. ***See*** Commonwealth's Brief, at 8. And, the presence of a trial court opinion evaluating Appellant's sufficiency claims is of no moment to our analysis, "because we apply Pa.R.A.P. 1925(b) in a predictable, uniform fashion, not in a selective manner dependent on an appellee's argument or a trial court's choice to address an unpreserved claim." ***Tyack***, 128 A.3d at 261. Appellant has failed to preserve this issue for our review.

In any event, had we addressed Appellant's claims on the merits, we would have determined the Commonwealth presented sufficient evidence to sustain his convictions for the reasons set forth in the trial court's opinion. ***See*** Trial Court Opinion, filed 5/18/18, at 4-8.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/7/18